# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                               )
ANN REGAN,                     )
                               )
           Plaintiff,          )
                               )
v.                             )    Case No.: 1:16-CV-10576-GAO
                               )
SCHINDLER ELEVATOR             )
CORPORATION,                   )
                               )
           Defendant.          )
_____)
```

## MEMORANDUM SUPPORTING DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Local Rule 7.1, and this Court's Order of March 30, 2016, Defendant Schindler Elevator Corporation ("Schindler") respectfully submits this memorandum in support of its motion to dismiss the complaint on the ground that it was filed beyond the statute of limitations.

## INTRODUCTION

In this diversity action, Massachusetts' three-year statute of limitations for personal injury actions ran out more than three years ago. Plaintiff alleges that she was injured on October 22, 2009, in the John F. Kennedy Presidential Library and Museum ("Library") when the doors of an elevator allegedly closed on her as she was exiting the elevator. In 2012, she sued the United States in this Court. In 2014, she filed an amended complaint adding Schindler as a defendant based on diversity jurisdiction. Plaintiff never served the amended complaint on Schindler, however, and in 2015 this Court granted the United States' motion to dismiss the action.

On February 10, 2016, Plaintiff filed suit against Schindler in Massachusetts state court asserting the same claim she had asserted in her amended complaint in the prior action. This time,

Plaintiff served her complaint on Schindler, which removed the case to this Court.

Plaintiff's claim is barred by the statute of limitations. *See* Mass. Gen. Laws ch. 260, § 2A. Her cause of action accrued on or about October 22, 2009, and expired in 2012.

The Massachusetts savings statute, Mass. Gen. Laws ch. 260, § 32, does not save Plaintiff's action, for three reasons. First, the savings statute does not apply because she failed to serve process on Schindler in the prior action, and that failure was not due to an "unavoidable accident" or the "default or neglect" of the process server. *Krasnow v. Allen*, 29 Mass. App. Ct. 562, 565-566, 562 N.E.2d 1375, 1378 (1990) (quoting the statute). Plaintiff's counsel failed to serve the amended complaint on Schindler due to his own negligence or lack of diligence—contrary to his representation to this Court that he would perfect service "as expeditiously as possible to ensure that defendant Schindler is served with the Amended Complaint, by September 11, 2014." Aff. of Adamo Lanza, ¶ 4, *Regan v. United States*, No. 1:12-CV-11763-GAO (D. Mass. Aug. 7, 2014) (Doc. 39) ("Lanza Aff.").[1]

Second, the savings statute does not save a claim where, as here, the plaintiff failed "to provide a defendant with any notice within the applicable limitations period that a claim is being made against him in court." *Krasnow*, 29 Mass. App. Ct. at 566, 562 N.E.2d at 1378. Plaintiff amended her complaint in the prior action to name Schindler as a defendant on April 14, 2014, and she first notified Schindler regarding the claim by mailing a notice on April 24, 2014—well after the limitations period expired in October 2012. *See* Lanza Aff., Doc. 39, ¶ 2.

Third, the savings statue applies only if the prior dismissed action was "duly commenced within the time limited" for the action. Mass. Gen. Laws ch. 260, § 32. Here, the amended

---

[1] All "Doc." citations herein are to documents filed in the prior action, *Regan v. United States*, No. 1:12-CV-11763-GAO, unless noted otherwise.

complaint against Schindler in the prior action was filed in April 2014, after the time limit, and the amended complaint does not "relate back" to the time the original complaint against the United States was filed in 2012 because, *inter alia*, Schindler had no notice of the lawsuit within the limitations period. *See* Fed. R. Civ. P. 15(c)(1)(C).

## BACKGROUND

### A. In a Prior Action, Plaintiff Names Schindler as a Defendant in an Amended Complaint But Fails to Serve Process on Schindler

Plaintiff alleges that she was injured on October 22, 2009, while exiting one of the elevators at the Library when the elevator allegedly "malfunctioned and closed unexpectedly, striking plaintiff on the left side of her head, and trapping her between the doors." Compl., ¶ 5, *Regan v. Schindler Elevator Corp.*, No. 1:16-CV-10576-GAO (D. Mass. Mar. 23, 2016) (Doc. 1-1). Plaintiff sought medical attention at Quincy Medical Center the next day. *Id.* ¶ 6.[2]

On September 21, 2012, Plaintiff filed her original complaint naming the United States and "Corporations 1 through 5" as defendants. Orig. Compl. for Damages Under Federal Tort Claims Act (Doc. 1).[3]

On August 22, 2013, eleven months into the litigation, Plaintiff moved this Court for leave to amend her complaint to name Schindler as a defendant. *See* Pls.' Mot. for Leave to Am. Compl. (Doc. 16). This Court granted the request on October 2, 2013, but Plaintiff did not file an amended complaint until six months later. On April 14, 2014, Plaintiff filed an Amended Complaint adding Schindler as a defendant. *See* First Am. Compl. (Doc. 35).

---

[2] While still at the Library, Plaintiff "was evaluated by emergency medical services and proceeded to attend an evening event at the Library." Decl. of Norm Beland ¶ 4 (Doc. 29).

[3] The Library is owned by the United States and controlled by the National Archives and Records Administration ("NARA"). *See* United States' Answer to Compl. ¶ 8 (Doc. 8).

3

Despite the filing of the Amended Complaint, Plaintiff did not effect service of process on Schindler. On April 24, 2014, Plaintiff's counsel mailed to Schindler's registered agent in Massachusetts a letter containing a Notice of a Lawsuit and Request to Waive Service of a Summons. *See* Lanza Aff., ¶ 2 & Ex. A (Doc. 39-1). Schindler did not, however, waive its right to formal service of a summons. *See id.* ¶ 3 (noting that Plaintiff's counsel did "not receive[ ] a response from Schindler or its Registered Agent").

Plaintiff was required to perfect service within 120 days (*i.e.*, by August 12, 2014). *See* Fed. R. Civ. P. 4(m) (2014).[4] On August 7, 2014, Plaintiff moved this Court for a 30-day extension of time. *See* Mot. for Extension of Time to Serve Am. Compl. (Doc. 38). Plaintiff's counsel stated in an affidavit that because he was "on a federal racketeering trial ... until July 25, I was unable to ensure that service was perfected. Now that the trial is over, I will act as expeditiously as possible to ensure that defendant Schindler is served with the Amended Complaint by September 11, 2014." Lanza Aff., ¶ 4.[5] Plaintiff's counsel did not, however, serve the Amended Complaint on Schindler by September 11, 2014. Schindler was never served with the Amended Complaint. Furthermore, the Court never ruled on Plaintiff's motion for extension of time.

On February 12, 2015, this Court granted the United States' motion to dismiss for failure to state a claim. *See* Op. and Order (Doc. 40). This Court noted that the Amended Complaint "has not been served on the additional defendant," *i.e.*, Schindler. *Id.* at 1. In light of the dismissal and the lack of service as to Schindler, this Court dismissed the claim against Schindler without prejudice. *See id.* at 3.

---

[4] In 2015, Rule 4(m) was amended to reduce the time for serving a defendant from 120 days to 90 days. All citations to Rule 4(m) herein are to the 2014 version of the rule.

[5] Plaintiff was represented in the prior action by the same law firm that represents her in the instant case.

### B. Plaintiff Sues Schindler Again, More Than Five Years After Her Cause of Action Accrued and Beyond the Statute of Limitations

Following this Court's dismissal of the prior action, Plaintiff did nothing for almost a year. On February 10, 2016, she filed a complaint against Schindler in Massachusetts state court. *See* Compl., *Regan v. Schindler Elevator Corp.*, No. 1684CV00460 (Suffolk Cty. Super. Ct.). Plaintiff served the new complaint on Schindler on February 23, 2016, and Schindler thereafter removed the action to this Court. *See Regan v. Schindler Elevator Corp.*, 1:16-CV-10576-GAO (D. Mass. Mar. 23, 2016) (Docs. 1, 1-1, & 1-2). In her new complaint, Plaintiff asserts against Schindler a cause of action for negligence arising out of the same alleged elevator incident at the Library that occurred on October 22, 2009, and that was the subject of her unserved Amended Complaint in the prior action in this Court.

## ARGUMENT

### I. Plaintiff's Action Is Barred by the Statute of Limitations.

Plaintiff's action against Schindler is barred by the statute of limitations. *See* Mass. Gen. Laws ch. 260, § 2A ("actions of tort ... to recover for personal injuries ... shall be commenced only within three years after the cause of action accrues").[6] Plaintiff's cause of action accrued on or about October 22, 2009, the date that Plaintiff alleges she was injured by the elevator at the Library. The statute of limitations therefore expired in October 2012. Plaintiff filed the instant action against Schindler in February 2016, more than three years too late.

When the defendant raises the statute of limitations in a motion to dismiss and shows "that the time period between the plaintiff's injury and the plaintiff's complaint exceeds the limitations period set forth in the applicable statute, the plaintiff bears the burden of alleging facts which

---

[6] Massachusetts' statute of limitations applies in this diversity action. *See, e.g.*, *Pitts v. Aerolite SPE Corp.*, 673 F. Supp. 1123, 1127 (D. Mass. 1987).

would take his or her claim outside the statute." *Cannonball Fund, Ltd. v. Dutchess Capital Mgmt., LLC*, 84 Mass. App. Ct. 75, 90, 993 N.E.2d 350, 363 (2013) (quotation marks omitted); *see also Riley v. Presnell*, 409 Mass. 239, 243-244, 565 N.E.2d 780, 785 (1991) ("Once the defendant pleads the statute of limitations as a defense ... and establishes that the action was brought more than three years from the date of the injury, the burden of proving facts that take the case outside the impact of the statute falls to the plaintiff.").

Only Paragraph 20 of Plaintiff's Complaint addresses the statute of limitations issue. It states that "[p]rior notice of this claim was presented to Defendant by way of service through an Amended Complaint in a previously filed Federal Lawsuit, making commencement of this action timely under" Massachusetts' savings statute, Mass. Gen. Laws ch. 260, § 32. As discussed next, however, the savings statute does not save Plaintiff's action.

## II.     The Massachusetts Savings Statute Does Not Save Plaintiff's Action.

Massachusetts' savings statute, Mass. Gen. Laws ch. 260, § 32, provides in pertinent part:

> If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed ... for any matter of form ... the plaintiff … may commence a new action for the same cause within one year after the dismissal ... of the original action ....

Plaintiff's reliance on the savings statute is unavailing, for two reasons. First, Plaintiff never served process on Schindler in the prior action before its dismissal, and, furthermore, that complete lack of service was not due to an "unavoidable accident" or the "default or neglect" of the process server. Second, because Schindler had no notice of the prior action until after the limitations period, the dismissal was not for a "matter of form" within the meaning of the savings statute's catchall clause.

6

### A. Plaintiff Failed to Serve Process on Schindler, and Such Failure Was Not Due to an "Unavoidable Accident" or the "Default or Neglect" of the Process Server.

The savings statute applies if the prior action was dismissed for "insufficient service of process by reason of an unavoidable accident or of a default or neglect" of the process server. Mass. Gen. Laws ch. 260, § 32. In this case, the savings statute does not apply because Plaintiff failed to serve process on Schindler in the prior action and her failure to do so was not due to an "unavoidable accident" or the "default or neglect" of the process server. It was due to the negligence and lack of diligence of her attorney, which is not covered by the statute.

In *Krasnow v. Allen*, 29 Mass. App. Ct. 562, 562 N.E.2d 1375 (1990), the plaintiff filed suit in federal court a few days before the three-year statute of limitations was to expire but failed to serve process on the defendant until more than eight months after the complaint was filed. The federal court dismissed the action without prejudice under Rule 4, and the plaintiff re-filed the suit in state court. The plaintiff argued that his new suit was timely under the savings statute, but the Appeals Court disagreed. As the Appeals Court explained:

> [T]he savings statute deals explicitly with dismissal for insufficient service of process. Two acceptable reasons for such insufficiency are enumerated: "unavoidable accident" and "default or neglect" of the process server. This specificity suggests that the statute was intended to be applicable to dismissal for insufficient service of process only if attributable to one of the two specified reasons. At the very least, the language suggests that the action would be saved only if there is *some* acceptable reason for the insufficiency of service of process. There is nothing in the present record to suggest that the plaintiff's eight-month delay in effecting service was due to anything but lack of diligence.

*Id.* at 565-566, 562 N.E.2d at 1378; *see also Velez Negron v. Dozier*, No. 10-P-1201, 79 Mass. App. Ct. 1113, 2011 WL 1564108, at *1 (Apr. 26, 2011) ("[T]he failure to make proper service was not for either of the two exceptions noted in *Krasnow* and explicitly delineated in § 32, but

7

rather simply attorney negligence, which is not an exception."); *Espinal v. Hampton Shuttle, Inc.*, No. 0500053, 2005 WL 2525412, at *2 (Mass. Super. Ct. Aug. 31, 2005) ("Espinal has no reason for the insufficiency of service of process for the first complaint other than mere 'oversight.' Inadvertence and lack of diligence are not reasons to allow a claim to be re-filed under" the savings statute.) (citing *Krasnow*).

The savings statute applies if the original action was dismissed for "insufficient service of process" due to an unavoidable accident or the default or neglect of the process server. Mass. Gen. Laws ch. 260, § 32. In this case, there was a complete lack of service. Service of process was not merely "insufficient"—it was non-existent.

Furthermore, an "unavoidable accident" or the "default or neglect" of the process server are the only reasons allowed by the savings statute for insufficient service. Plaintiff's counsel's negligence or lack of diligence are not "acceptable reasons" under the statute. *Krasnow*, 29 Mass. App. Ct. at 565, 562 N.E.2d at 1378. Here, in April 2014, Plaintiff's counsel sent Schindler a request to *waive* service of the Amended Complaint, but Schindler did waive its right to formal service of process. Under Rule 4(m), Plaintiff had 120 days to serve the Amended Complaint on Schindler, but she never did so. On August 7, 2014, Plaintiff moved for a 30-day extension of time to serve the Amended Complaint. *See* Doc. 38. Plaintiff's counsel represented in an affidavit that he would "act as expeditiously as possible to ensure that defendant Schindler is served with the Amended Complaint by September 11, 2014." Lanza Aff., ¶ 4. But September 11, 2014, came and went without service ever being made on Schindler and without this Court ever granting the requested extension of time. In 2015, this Court dismissed the action with Schindler still never having been served. *See* Doc. 40 at 1 (noting that the Amended Complaint "has not been served on" Schindler). On these facts, the savings statute cannot apply.

8

### B. Plaintiff Did Not Notify Schindler of Her Claim Within the Three-Year Limitations Period.

The savings statute has a "catchall clause" applying to a "dismissal … for a 'matter of form.'" *Krasnow*, 29 Mass. App. Ct. at 565, 562 N.E.2d at 1377-78 (quoting the statute). But Plaintiff cannot argue that the dismissal of the prior action was due to a "matter of form" within the meaning of the savings statute because she gave Schindler no notice of the action until after the statute of limitations had run.

In *Krasnow*, the plaintiff filed suit a few days before the three-year statute of limitations was to expire, but he did not serve process on the defendant until more than eight months later. The Appeals Court therefore said:

> [E]ven if we were to consider the applicability of the catchall phrase in the statute to the facts of the case, we would rule the claim untimely. Failure to provide a defendant with any notice within the applicable limitations period that a claim is being made against him in court has been regarded, for these purposes, as a matter of substance rather than form.

*Krasnow*, 29 Mass. App. Ct. at 566, 562 N.E.2d at 1378; *accord Hallisey v. Bearse*, 60 Mass. App. Ct. 916, 916, 805 N.E.2d 515, 516 (2004). Similarly, in *Liberace v. Conway*, the Appeals Court stated that "a touchstone for what constitutes dismissal for reasons of matter of form is whether, within the original statute of limitations period, the defendant had actual notice that a court action had been initiated." 31 Mass. App. Ct. 40, 44, 574 N.E.2d 1010, 1013 (1991) (footnote omitted); *accord Hallisey*, 60 Mass. App. Ct. at 916, 805 N.E.2d at 516.

Here, Plaintiff "fail[ed] to provide … any notice within the applicable limitations period." *Krasnow*, 29 Mass. App. Ct. at 556, 562 N.E.2d at 1378. Plaintiff filed her Amended Complaint adding Schindler as a defendant on April 14, 2014, and she mailed a notice to Schindler on April 24, 2014—long after the limitations period expired in October 2012. *See* Lanza Aff., ¶ 2. Thus,

the dismissal was not for a "matter of form" and the savings statute does not come to Plaintiff's rescue.

## III. Plaintiff's Amended Complaint in the Prior Action Did Not "Relate Back" to Her Original Complaint.

The savings statute does not apply for still another reason: the prior action was not as to Schindler "duly commenced within the time limited" for personal injury actions. Mass. Gen. Laws ch. 260, § 32. That is because the Amended Complaint naming Schindler as a defendant did not "relate back" to the Original Complaint against the United States. *See* Fed. R. Civ. P. 15(c)(1)(C).

In the prior action, Plaintiff filed her Original Complaint against the United States on September 21, 2012—within the three-year limitations period. She filed her Amended Complaint adding Schindler as a defendant on March 14, 2014—outside of the three-year period.

Federal Rule 15(c) governs the "relation back of amendments." If Plaintiff's Amended Complaint against Schindler related back to the Original Complaint, the Amended Complaint would have been timely. But because the Amended Complaint does not relate back, it was untimely—and so is the instant complaint.

Rule 15(c) provides that an amendment to a pleading that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading

> if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).[7] Here, Plaintiff's Amended Complaint fails both requirements.

---

[7] Rule 15(c) also requires that the claim asserted against the new defendant in the amended pleading "arose out of the ... occurrence set out ... in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). That requirement is met here.

10

First, as to 15(c)(1)(C)(i), Schindler received no notice of Plaintiff's lawsuit first filed in September 2012—or even that an incident involving Plaintiff had occurred—until April 2014, long after Rule 4(m)'s 120-day service period expired in January 2013. *See* Lanza Aff., ¶ 2 & Ex. A (Doc. 39). Under Rule 15(c)(1)(C)(i), "notice requires knowledge of the filing of suit, not simply knowledge of the incident giving rise to the cause of action." *Morel v. DaimlerChrysler AG*, 565 F.3d 20, 26 (1st Cir. 2009). For this reason alone, the Amended Complaint naming Schindler as a defendant does not relate back to Plaintiff's Original Complaint. *See Wilson v. U.S. Gov't*, 23 F.3d 559, 562-563 (1st Cir. 1994) (plaintiff's amended complaint against the Government did not relate back because he failed to provide notice to the Government "within 120 days of the filing of the original complaint"; the Government "received notice of this action no earlier than November 16, 1990, the date that it was served with the amended complaint."). It is Plaintiff's burden to allege (and ultimately prove) facts showing that Schindler received notice within the Rule 4(m) period. *See Coons v. Indus. Knife Co.*, 620 F.3d 38, 43-44 (1st Cir. 2010) ("Coons … pointed to nothing in the record to show that Industrial Knife received notice of any sort within the required time period.... [I]t was Coons's burden to 'alleg[e] facts which would take his ... claim outside the statute.'") (quoting *McGuinness v. Cotter*, 412 Mass. 617, 620, 591 N.E.2d 659, 661-662 (1992)). Plaintiff has not done so and cannot do so.

Second, it cannot be said that Schindler "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c)(1)(C)(ii). "To satisfy this condition, the plaintiffs must show both that they made a mistake about the actual identity of the proper defendant and that, within the prescribed time, that party knew or should have known that, but for the mistake, it would have been sued." *Morel*, 565 F.3d at 27. Here, Schindler did not know about Plaintiff's lawsuit against the Government (until April

2014, after the limitations period had run) and so had no reason to believe that Plaintiff's suit against the Government would have been brought against Schindler but for a mistake. Again, it is Plaintiff's burden to allege and prove facts satisfying this requirement of Rule 15(c). *See Velásquez Rodríguez v. Municipality of San Juan*, 659 F.3d 168, 181 (1st Cir. 2011) ("[Plaintiff] has not explained what mistake he made on the proper-party front, nor has he explained how [defendant] should have known that he would have sued her in the first place but for his unidentified mistake .... He has not met his burden and so can find no refuge under [Rule 15(c)]."); *Wilson*, 23 F.3d at 563.

Plaintiff in her Original Complaint in the prior action named as defendants "Corporations 1 - 5," alleging they "are the entities responsible for the installation, maintenance, or repair of the elevator that caused the accident alleged in the complaint." Doc. 1, ¶ 7. But this Court has held that "Rule 15(c)'s relation back provisions do not apply where a plaintiff seeks to amend a complaint to identify 'John Doe' defendants." *Broner v. Flynn*, 311 F. Supp. 2d 227, 237 (D. Mass. 2004). "The overwhelming majority of federal appellate courts that have considered the issue have found that amendments naming 'John Doe' defendants whose identity is unknown at the time of the filing of the complaint do not relate back under Rule 15(c)(3) [now 15(c)(1)(C)]. These courts have found that a plaintiff's lack of knowledge as to the identity of a defendant does not constitute a 'mistake' under Rule 15(c)(3). This Court agrees." *Ferreira v. City of Pawtucket*, 365 F. Supp. 2d 215, 217 (D. R.I. 2004) (footnote and citations omitted).[8] Eight of the nine circuits to address the issue have so held, "[a]lthough the First Circuit has not expressly addressed this issue." *Broner*, 311 F. Supp. 2d at 236. This Court should follow the rule of the majority of circuits that has been applied by district courts in this Circuit and hold that Plaintiff's amendment

---

[8] Rule 15(c) was renumbered in 2007.

of her complaint to name Schindler as one of the unnamed "Corporations 1 - 5" does not relate back under Rule 15(c).

## IV. Plaintiff's Cause of Action Accrued in October 2009 and Expired in October 2012.

The Massachusetts three-year statute of limitations begins to run as soon as "the cause of action accrues." Mass. Gen. Laws ch. 260, § 2A. Plaintiff alleges that she was injured by the elevator at the Library on October 22, 2009, and a cause of action ordinarily accrues on the date of injury. Plaintiff's cause of action accrued in October 2009, and it expired three years later in October 2012.

Plaintiff has not invoked the discovery rule in this case, but even if she did it would be of no use to her. That rule applies when "a plaintiff has suffered an 'inherently unknowable' wrong." *Harrington v. Costello*, 467 Mass. 720, 725, 7 N.E.3d 449, 454 (2014). Under that rule, "a cause of action accrues when the plaintiff discovers *or with reasonable diligence should have discovered* that (1) he has suffered harm; (2) his harm was caused by the conduct of another; and (3) the defendant is the person who caused that harm." *Id.* at 727, 7 N.E.3d at 455 (emphasis added). The plaintiff "has the burden of establishing facts that take him outside the statutory three-year limitations period." *Id*. at 725, 7 N.E.3d at 454.

Here, Plaintiff cannot invoke the discovery rule for two reasons. First, Plaintiff has made no showing that, upon being injured, she promptly investigated the identity of the Library's elevator maintenance contractor with reasonable diligence. Second, Plaintiff has made no showing that she could not have discovered Schindler's identity as the Library's elevator maintenance contractor with the exercise of reasonable diligence. In fact, with the exercise of such diligence, Plaintiff could have easily identified Schindler as the Library's elevator maintenance contractor within a matter of minutes, hours, or, at the very most, days.

13

As to the first point, "an essential prerequisite" for "invok[ing] the discovery rule" is a showing that the plaintiff undertook "an investigation, or other action constituting 'reasonable diligence.'" *Smyrna Rebar, Inc. v. Modern Continental Const. Co.*, No. 06-P-92, 67 Mass. App. Ct. 1115, 2006 WL 3348817, at *2 (Nov. 17, 2006) (citing *Albrecht v. Clifford*, 436 Mass. 706, 715-716, 767 N.E.2d 42, 49-50 (Mass. 2002)). Massachusetts courts have rejected bids to toll the limitations period where the plaintiff has failed to show that she "diligently investigate[d]" the nature of the harm. *Bruno v. Arillotta*, No. 15-P-300, 89 Mass. App. Ct. 1113, 2016 WL 1079376, at *2 (Mar. 18, 2016); *see also Hanley v. Citizens Bank of Mass.*, No. 02-P-221, 60 Mass. App. Ct. 1117, 2004 WL 316143, at *2 (Feb. 19, 2004) (discovery rule inapplicable where facts supporting claim were obvious); *Dapkus v. Dapkus*, No. 07-P-1385, 73 Mass. App. Ct. 1110, 2008 WL 5245984, at *3 (Dec. 18, 2008) (rejecting application of the discovery rule where relevant "information is discoverable by examination of public records"). Here, it appears that Plaintiff made no effort to learn the identity of the Library's elevator maintenance contractor until nearly four years after the accident, after it had filed suit against the United States. In her August 22, 2013 motion for leave to add Schindler as a defendant, Plaintiff stated that she learned "Schindler Elevator, Inc. [sic]" was responsible for maintaining the elevator "[a]fter speaking with counsel for the codefendant United States of America and reviewing discovery responses produced by same." Doc. 16 at 1. That is not reasonable diligence. As the Seventh Circuit put it, "to know you've been injured and make no effort to find out by whom is the very laxity that statutes of limitations are designed to penalize." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 676 (7th Cir. 2009); *see also Frankston v. Denniston*, 74 Mass. App. Ct. 366, 373, 907 N.E.2d 244, 250 (2009) ("The discovery rule is not an endless protected time zone against the deadlines of a statute of limitations.").

By itself, Plaintiff's failure to make a reasonably diligent investigation into the identity of the Library's elevator maintenance contractor bars any possible application of the discovery rule. But, as to the second point referred to above, even if Plaintiff had made such an investigation, she cannot show that she could not have discovered Schindler's identity as the Library's elevator maintenance contractor. There is no allegation, much less any reason to believe, that the Library, which is owned by the United States and operated by a federal agency, NARA, would have concealed Schindler's identity had Plaintiff inquired as to the identity of the Library's elevator maintenance contractor. *See*, *e.g.*, *Bridge v. U.S. Parole Comm'n*, 981 F.2d 97, 106 (3d Cir. 1992) ("Government officials are presumed to act in good faith"). On the contrary, Schindler's identity likely could have been discovered with no more than a phone call or a visit to the Library. Indeed, Plaintiff could have connected Schindler with the Library elevators by running a simple internet search. If one Googles the words "JFK library elevator," one of the top results is a July 2009 YouTube video that takes the viewer on a tour of the Library's elevators and identifies them as "Westinghouse/Schindler" elevators. *See Westinghouse/Schindler Traction Elevators at the JFK Presidential Library/Museum Boston, MA*, YouTube (July 29, 2009), http://bit.ly/1oMfXtM; *see also Boston, MA: Awesome Westinghouse/Schindler Traction Elevators @ JFK Presidential Library & Museum*, YouTube (June 25, 2011), http://bit.ly/23swylZ. In short, if Plaintiff had commenced an appropriate investigation into the identity of the Library's elevator maintenance contractor, she certainly could have discovered Schindler's identity no later than October 2009, the same month she was allegedly injured.

This is not a case in which Schindler's identity was "'inherently unknowable.'" *Harrington*, 467 Mass. at 725, 7 N.E.3d at 454. Plaintiff's cause of action accrued in October 2009, and it expired in October 2012—some 18 months before she filed her Amended Complaint

in the prior action naming Schindler as a defendant and more then three years before she filed the complaint in the instant case.  Her action against Schindler is time-barred and should be dismissed.

## CONCLUSION

For the foregoing reasons, Schindler's motion to dismiss should be granted and Plaintiff's complaint should be dismissed with prejudice.

Respectfully submitted,

/s/ *John B. Johnson*
John B. Johnson
CORRIGAN, JOHNSON & TUTOR, P.A.
225 Franklin Street
26th Floor
Boston, MA 02110
(617) 338-0075
BBO No. 252580
john.johnson412@verizon.net

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci
BANCROFT PLLC
500 New Jersey Avenue, NW
Seventh Floor
Washington, DC 20001
(202) 234-0090
cbartolomucci@bancroftpllc.com
*Admitted *pro hac vice*

*Counsel for Defendant
Schindler Elevator Corporation*

Dated:  April 12, 2016

## CERTIFICATE OF SERVICE

I, H. Christopher Bartolomucci, hereby certify that pursuant to Local Rule 5.4(C), this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  Notice was also sent to the plaintiff's attorney at his e-mail address which is mlongo@dennerlaw.com on April 12, 2016.