UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANN REGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-CV-10576-GAO |
| v. ) | |
| ) | |
| SCHINDLER ELEVATOR ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1. The Massachusetts and Federal Rules of Civil Procedure, as well as the procedural history of this case, support the timeliness of Plaintiff's claim, and the denial of Schindler Elevator Corporation's (hereinafter "Defendant") motion to dismiss.

2. The subject accident giving rise to this lawsuit occurred on October 22, 2009 when the plaintiff sustained serious personal injuries as a result of an improperly maintained and operating elevator located within the John F. Kennedy Presidential Library and Museum (hereinafter "Library").

3. Defendant, within its motion to dismiss, admits that they were responsible for the maintenance and repair of the subject elevator, but attempt to extricate themselves from liability for the plaintiff's accident premised upon a procedural argument. However, the Court should not entertain Defendant's motion where, as in this case, they admit to receiving a request from Plaintiff during the initially filed Federal Lawsuit to waive service of an Amended Complaint, which Amended Complaint was drafted and served

after Plaintiff's motion to draft and serve said Amended Complaint was granted by the Court.

4. As such, the Defendant's attempt to thwart service in the initially filed Federal case, for no other reason than to be uncooperative and obstructionist, ought not be awarded in Plaintiff's subsequently filed action, necessitated only by Defendant's initial non-cooperation. A review of Plaintiff's Motion for Extension of Time to Serve The Amended Complaint (Case No. 1:12-cv- 11763 - Docket No. 38) evidences that both Schindler and their registered agent in Massachusetts received the Amended Complaint in compliance with Fed. R. Civ. P. 4(d) (Exhibit A, Docket No. 38).

5. Also important to note is that in the initial action, before Plaintiff's 120 days to serve Defendant expired, Plaintiff filed an August 7, 2014 motion to extend the time in which to serve Defendant Schindler (Docket No. 38). The motion was never ruled upon, and remained pending when the Court issued its February 12, 2015 Decision and Order dismissing the case against the United States with prejudice; but, importantly, dismissing the case against Defendant Schindler *without prejudice*. *See* Case No. 1:12-cv- 11763 - Docket Nos. 40-41.

6. In accordance with Mass. Gen. Laws Ch. 260 § 32, Plaintiff, within one year of the February 12, 2015 dismissal *without prejudice* as to Schindler, commenced the instant action in Massachusetts State Court. As the original dismissal *without prejudice* occurred while plaintiff's timely motion to extend the time to serve Schindler was pending, plaintiff's time to serve Schindler never expired and thus, Plaintiff's commencement of a new action within 1 year is and remains timely under M.G.L 260 § 32.

7. Moreover, Defendant cannot argue that the Court's reference to Schindler in the Decision and express language stating that the dismissal as to Schindler was *without prejudice*, did not contemplate, foresee or even passively condone that Plaintiff would initiate a new suit against Schindler, and that same would be "timely" as a matter of law.

8. Also important is the fact that this Court has already granted the Plaintiff the right to file a "late" claim against Schindler by allowing her Motion For Leave To Amend Complaint to Add New Parties (Schindler), which motion was brought beyond the three year Statute of Limitation. *See* Case No. 1:12-cv-11763; Docket Nos. 16; 19. In fact, the June 3, 2013 Scheduling Order issued by the court gave the parties until September 21, 2013 to amend the pleadings or add parties, with which Plaintiff complied by filing her August 22, 2013 motion.

9. If Schindler believed they had a viable defense based upon the Statute of Limitation, as they claim now, they should not have buried their head in the sand when initially presented with the claim in August of 2014, they should be accepted service and filed a motion to dismiss. Nothing has changed since plaintiff's motion to add Schindler was granted as her time to serve Schindler with the Amended Complaint was still pending and viable when the case was dismissed *without prejudice*.

10. In light of the above procedural history, it is clear that Defendant's motion should be denied in its entirety, and that Plaintiff's case should proceed on the merits upon service and filing of an Answer.

### The Massachusetts Savings Statue Applies

11. M.G.L. 260 § 32 states:

> If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable

> accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or for any matter of form, or if, after judgment for the plaintiff, the judgment of any court is vacated or reversed, the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal or other determination of the original action, or after the reversal of the judgment; and if the cause of action by law survives the executor or administrator or the heir or devisee of the plaintiff may commence such new action within said year.

As applied to the facts herein, Plaintiff did not formally serve Schindler in the prior action for two "unavoidable" reasons: 1) Schindler received the Summons and Amended Complaint, but refused to waive formal service, frustrating the process which they now seek to exploit; and 2) while attempting to have them accept/waive service, and within the time permitted for service under Fed. R. Civ. P. 4, Plaintiff filed a motion to extend the time to formally serve Schindler, which motion was pending when the case was dismissed *without prejudice*. As such, the lack of service was the result of an "unavoidable accident" i.e. – Plaintiff waiting to have the Court rule on a motion and/or have Schindler change its unreasonable refusal to waive formal service. As such, the failure was not simply attorney negligence as in the cases cited in support of Schindler's motion, but the noncooperation of Schindler and pending motion seeking to extend the service deadline.

**A Question of Fact Exists as to Notice of the Accident and Lawsuit to Schindler**

12. Defendant's contention that the "catchall clause" of the savings clause is inapplicable herein is also misguided in that they combine that phrase with a requirement that they be placed on notice. A review of language cited above makes it abundantly clear that the statute's plain language does not require or contemplate "notice."

13. Further, Defendant offers no proof in admissible form, other than an attorney's argument within a Memorandum in support of the motion to dismiss, that Schindler did not receive notice of the accident or lawsuit from the Library. In fact, it is hard to fathom that the Library would not have notified Schindler, who was admittedly responsible for the maintenance and repair of the subject elevator, that a patron had complained that she was injured as a result of an elevator malfunction at or about the time of the accident. It is equally illogical to think that the Library did not notify Schindler of the lawsuit upon being served with same where it was the Library who notified Plaintiff that they were not responsible for the elevators.

14. Both of the above occurred within the 3 year statute of limitation period and at a minimum, discovery ought to be allowed by this honorable court to determine what notice of the accident and lawsuit Schindler received within the three years following the accident, making the instant motion premature; notwithstanding the fact that there is no requirement under the catchall phrase that notice have been received.

### **Plaintiff's Amended Complaint in the Prior Action did "Relate Back" to the Original Complaint**

15. First and foremost, and as outlined above, this Court granted Plaintiff's original motion to Amend the Complaint and add Schindler as a defendant; thus, the Court likely already made a determination as to the merits of this argument, and determined, as a matter of law in granting plaintiff leave to Amend the Complaint, that the claim(s) against Schindler related back to the original complaint.

16. Moreover, the language of both the state and federal "relate back" sections state that a claim "relates back" where the amendment "asserts a claim or defense that arose out of

the conduct, transaction, or occurrence" set forth in the original complaint. See Fed. R. Civ. P. 15(c)(1)(B); MCRP 15(c).

17. MRCP 15(c) is more expansive and specifically states that "the amendment (including an amendment changing a party) relates back to the original pleading" where the above claim was originally asserted in the initial complaint.

18. In reviewing the notes relating to the Federal rule, they specifically acknowledge that in cases of diversity, which is the case herein, "the primary reference is the law of the state in which the district court sits." *See* Walker v. Armco Steel Corp., 446 U.S. 740 (1980).

19. The notes go on to state that whatever the controlling law, the more lenient or "forgiving principle of relation back than the one provided in this rule, should be available to save the claim." *See* Marshall v. Mullrenin, 508 F.2d 39 (1st cir. 1974).

20. In applying the saving clause and relation back principle, the Court in Loomer v. Dionne 338 Mass. 348 (1959), held that:

> the words used in the statutes declaring the cases in which a second action may be maintained, after a failure of the first, have always been construed favorably for the plaintiff, and never have been held to have a technical meaning; but, as said by Shaw, C.J. in *Coffin v. Cottle*, 16 Pick. [383] 386, are meant to declare, that `where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute shall not prevent him from so doing, provided he follows it promptly, by a suit within a year.'

21. Notwithstanding the above case law in support of denying Defendant's motion, the deficiencies of Schindler's self-serving attorney argument that they never received notice of the action or knowledge of the incident ought, at the very least, permit discovery before Schindler's argument that dismissal is proper under Fed. R. Civ. P. 15 can be accepted by the Court as argued above with respect to notice.

### Plaintiff Sought to Amend the Complaint Immediately Upon Learning of Schindler's Responsibility for maintaining and repairing the Subject Elevator

22. Plaintiff's initial complaint contemplated bringing an action against the elevator maintenance company once determined, as they named within the caption "Corporations 1 through 5."

23. Within the United States' June 24, 2013 Initial Disclosure, they identified that contracts regarding maintenance would be forthcoming, but did not immediately provide same.

24. Plaintiff then sought the identity of said elevator companies, and upon learning that Schindler was in fact the responsible party, timely filed her motion to Amend the Complaint on August 22, 2013 (Docket No. 38).

25. As such, the Plaintiff acted diligently upon commencing suit and beginning discovery, to determine who besides the United States may be at fault, and sought to Amend her complaint once the identity of the "unnamed" corporations were determined.

26. To punish plaintiff for her timely discovery and motion to amend, while awarding Schindler for refusing to accept service in the initial lawsuit, would be akin to excusing obstructionist and non-cooperative behavior, while punishing a plaintiff who allowed for proper discovery before instituting an action against parties who did not belong in the suit.

27. Defendant argues that the Plaintiff should have relied upon a google search to commence a lawsuit prematurely, rather than allow discovery sought and provided by a party to the action to disclose a potentially responsible party and thereafter, in the exercise of plaintiff's right to Amend the Complaint, to add the proper party(s). Such an argument should not be entertained by this court as it could lead to frivolous lawsuits.

**WHEREFORE**, plaintiff, Ann Regan, requests that the Court deny Defendant's motion to dismiss her complaint in its entirety, and for such other and further relief as this court may deem just and proper.

Dated: April 26, 2016

                                            Respectfully submitted,

                                            PLAINTIFF ANN REGAN
                                            By her attorney,

                                            /s/ *Michael V. Longo*
                                            Michael V. Longo, BBO # 601054
                                            Jeffrey Denner Associates, P.C.
                                            4 Longfellow Place, 35th Floor
                                            Boston, Massachusetts 02114
                                            Telephone: (617) 227-2800
                                            Facsimile: (617) 973-1562
                                            mlongo@dennerlaw.com

## CERTIFICATE OF SERVICE

I, Michael Longo, hereby certify that pursuant to Local Rule 5.4(c), this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Notice was also sent to the defendant's attorney(s) at their email address(es) on April 26, 2016 (john.johnson412@verizon.net; cbartolomucci@bancroftpllc.com).