## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                )
ANN REGAN,                      )
                                )
         Plaintiff,             )
                                )
v.                              )     Case No.: 1:16-CV-10576-GAO
                                )
SCHINDLER ELEVATOR              )
CORPORATION,                    )
                                )
         Defendant.             )
_____)

## DEFENDANT'S REPLY BRIEF
## (LEAVE TO FILE GRANTED ON MAY 17, 2016)

John B. Johnson
CORRIGAN, JOHNSON & TUTOR, P.A.
225 Franklin Street
26th Floor
Boston, MA 02110
(617) 338-0075
john.johnson412@verizon.net

H. Christopher Bartolomucci
BANCROFT PLLC
500 New Jersey Avenue, NW
Seventh Floor
Washington, DC 20001
(202) 234-0090
cbartolomucci@bancroftpllc.com

_Counsel for Defendant_
_Schindler Elevator Corporation_

Plaintiff's suit against Schindler is barred by the statute of limitations. Plaintiff was injured in October 2009, but she did not sue and serve process on Schindler in this case until February 2016, long after the three-year limitations period. In the prior action, Plaintiff did not sue Schindler until April 2014, after the statute had run, and she never served process on Schindler.

## ARGUMENT

### I. Plaintiff's Failure to Serve Process on Schindler in the Prior Action Was Due to Her Attorney's Neglect and Lack of Diligence, Not an Unavoidable Accident.

The Massachusetts savings statute applies when the failure to serve process is due to an "unavoidable accident." Mass. Gen. Laws. ch. 260, §32. Plaintiff's main excuse for failing to serve process—Schindler's "refusal to waive formal service," Opp. to Mot. to Dismiss ¶11 ("Opp.") (Doc. 16)—obviously does not qualify as an unavoidable accident. Schindler had every right to insist upon actual service. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) ...."). The fact that Schindler declined to waive its right to service is not an "attempt to thwart service." Opp. ¶4.

Plaintiff's alternative (and just as meritless) theory of "unavoidable accident" is that she had moved to extend the time to service process and was "waiting to have the Court rule on [the] motion." Opp. ¶11. Plaintiff does not mention that, in her August 7, 2014 extension motion, her counsel told this Court: "Now that [my other] trial is over, I will act as expeditiously as possible to ensure that defendant Schindler is served with the Amended Complaint, by September 11, 2014." Lanza Aff. ¶4, *Regan v. United States*, No. 1:12-CV-11763-GAO (D. Mass. Aug. 7, 2014) (Doc. 39). Despite that representation, counsel did not serve process by September 11, 2014—or ever. He still had not served process when this Court dismissed the case in February 2015. Having promised to "expeditiously" serve process by a date certain, counsel should have done so. The

fact that this Court did not rule on the requested extension of time to serve process did not operate as an indefinite extension of time to do so. *Cf. Creative Solutions Grp., Inc. v. Pentzer Corp.*, 199 F.R.D. 443, 444 (D. Mass. 2001) ("The plain fact is that merely moving for a stay does not operate to effectuate a stay unless and until the stay is granted."). Massachusetts case law holds that the savings statute does not apply when the failure to serve process is due to the attorney's negligence or lack of diligence. *See* Mem. Supp. Mot. to Dismiss 7-8 ("Mem.") (Doc. 13). Those holdings apply here in spades.

The savings statute includes a catchall clause that applies to a dismissal for a "matter of form." §32. The Massachusetts courts have held that the catchall does not apply if the defendant did not have notice of the lawsuit within the original limitations period. *See* Mem. 9. Plaintiff argues that the language of the statute does not require notice, *see* Opp. ¶12, but the state courts' construction of the statute is controlling. Plaintiff also finds it "hard to fathom that the Library would not have notified Schindler" about the prior action and suggests that there be discovery into whether Schindler received such notice before the statute of limitations expired in October 2012. Opp. ¶¶13-14. Plaintiff admits she did not notify Schindler about the prior action until April 2014—after the limitations period. And Plaintiff does not allege that Schindler received any notice within the period. Where, as here, a plaintiff files after the limitations period, it is her burden in the face of a motion to dismiss to allege facts that would take the case outside of the statute of limitations. *See Cannonball Fund, Ltd. v. Dutchess Capital Mgmt., LLC*, 84 Mass. App. Ct. 75, 90, 993 N.E.2d 350, 363 (2013). Plaintiff has not done so.

The Library did not notify Schindler of Plaintiff's suit, which is not surprising because the Library contracted with Work, Inc., to maintain facilities at the Library, including the elevators. Work, Inc., then subcontracted with Schindler. The government's initial disclosures in the prior

action—made in June 2013, after the limitations period—listed Work, Inc., as having discoverable information, but did not list Schindler. *See* United States' Rule 26(a)(1) Initial Disclosures, *Regan v. United States*, No. 1:12-CV-11763-GAO (D. Mass. June 24, 2013) (Doc. 14). If the Library had notified Schindler of Plaintiff's action, Schindler would have been listed.

Plaintiff has not invoked the discovery rule and, therefore, her cause of action arose on the date of injury, October 22, 2009. Even if Plaintiff had not waived the discovery rule, however, Plaintiff's suit would be untimely. Plaintiff had a duty to investigate promptly the identity of the person who allegedly injured her. *See* Mem. 13-14. Although she was injured in 2009, she undertook no investigation into the identity of the Library's elevator maintenance contractor (*i.e.*, Schindler) until 2013, after she filed suit against the United States. *See* Opp. ¶¶23-24. Plaintiff could have discovered in October 2009 with a simple Google search that the elevators in the Library are Schindler elevators, and she offers no reason to believe that she could not have easily ascertained Schindler's identity as the Library's elevator maintenance contractor soon thereafter.

## II. Plaintiff's Amended Complaint Adding Schindler as a Defendant in the Prior Action Did Not Relate Back to the Filing of the Original Complaint.

The instant action is untimely for a second reason: Plaintiff's amended complaint adding Schindler as a defendant in the prior action—filed in April 2014, more than four years after the October 2009 elevator incident—did not relate back to the filing of the original complaint in September 2012. Therefore, even if the savings statute applied, the instant action is untimely.[1]

Federal Rule 15(c)(1)(C) permits relation back when the plaintiff adds a new defendant if the defendant (1) received notice of the action within the Rule 4(m) service period and (2) knew or should have known that the action would have been brought against it but for a mistake

---

[1] This Court need not reach the relation back issue if it holds that the savings statute is inapplicable.

concerning defendant's identity. Neither requirement is satisfied here. *See* Mem. 10-11.

Eight federal circuits, and district courts within the First Circuit, have held that "Rule 15(c)'s relation back provisions do not apply where a plaintiff seeks to amend a complaint to identify 'John Doe' defendants." *Broner v. Flynn*, 311 F. Supp. 2d 227, 237 (D. Mass. 2004); *see* Mem. 12. Plaintiff does not argue that this Court should apply a contrary rule. Plaintiff failed to bring the action against Schindler originally not due to a "mistake" concerning Schindler's identity but because of her ignorance of Schindler's identity.

There is no basis in law or logic for Plaintiff's assertion that this Court "likely already" determined that the amended complaint related back when it granted leave to amend. Opp. ¶15. As the First Circuit has explained, "the mere fact a court allowed an amendment to the complaint would not determine whether the amended complaint related back." *Pessotti v. Eagle Mfg. Co.*, 946 F.2d 974, 977 (1st Cir. 1991). The relation back issue "remain[s] open for later adjudication as a separate and distinct matter." *Id.*[2]

Plaintiff's citation of Federal Rule 15(c)(1)(B) is erroneous, *see* Opp. ¶16, because that subsection concerns amendments asserting a new claim against the original party. Plaintiff's amended complaint is instead governed by Rule 15(c)(1)(C), "which is the proper rule under which the Court makes a relation-back determination for an amendment that changes or adds parties." *Hahn v. Office & Prof'l Emps. Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 384 (S.D.N.Y. 2015); *see Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) (requirements of Rule 15(c)(1)(C) attach when "an amended pleading changes a party or a party's name").

---

[2] Schindler might have raised the relation back issue in opposition to Plaintiff's proposed amended complaint, but Plaintiff violated Local Rule 15.1(b), which requires service of a motion to amend on the new party 14 days before filing the motion. *See* Mot. for Leave to Add New Parties, *Regan v. United States*, No. 1:12-CV-11763-GAO (D. Mass. Aug. 22, 2013) (Doc. 16). Contrary to Local Rule 15.1(b), Plaintiff did not serve that motion on Schindler.

Massachusetts Rule of Civil Procedure 15(c) makes a fleeting appearance in Plaintiff's brief, *see* Opp. ¶17, but Plaintiff does not present a developed argument for relation back under that state-law rule. This Court is "not obligated to do a party's work for [her]" and thus is "free to disregard" a "state law argument that was not developed" by Plaintiff, especially "where, as here, the undeveloped argument raises complexities that defy an easy answer" under "Massachusetts relation back doctrines." *Coons v. Indus. Knife Co*., 620 F.3d 38, 44 (1st Cir. 2010); *see also United States v. Caparotta*, 676 F.3d 213, 218 (1st Cir. 2012) ("argument consist[ing] of just two sentences and two cursory citations in [the] brief" is waived). Massachusetts courts consider several factors in deciding whether to permit the plaintiff to add a new defendant, including:

> (1) whether an honest mistake had been made in selecting the proper party; (2) whether joinder of the real party in interest had been requested within a reasonable time after the mistake was discovered; (3) whether joinder is necessary to avoid an injustice; and (4) whether joinder would prejudice the nonmoving party.

*Berman v. Linnane*, 434 Mass. 301, 304, 748 N.E.2d 466, 470 (2001). "A judge, exercising discretion, could deny the motion [to add new parties] 'based upon considerations of unjust delay, bad faith, or undue prejudice.'" *Herrick v. Essex Reg'l Ret. Bd.*, 68 Mass. App. Ct. 187, 192, 861 N.E.2d 32, 36 (2007). Plaintiff does not analyze any of the relevant factors in her brief. Thus, she has waived any argument for relation back under Massachusetts law.

Schindler is clearly prejudiced by Plaintiff's failure to serve process for more than five years after the elevator incident. If Schindler ever had any documents or witnesses that could assist its defense, there is a substantial risk that, given the long passage of time, they are no longer available. The three-year statute of limitations is intended to protect defendants from having to defend against stale claims such as Plaintiff's.

## CONCLUSION

Schindler's motion to dismiss (Doc. 12) should be granted.

Respectfully submitted,

/s/ *John B. Johnson*
John B. Johnson
CORRIGAN, JOHNSON & TUTOR, P.A.
225 Franklin Street
26th Floor
Boston, MA 02110
(617) 338-0075
BBO No. 252580
john.johnson412@verizon.net

/s/ *H. Christopher Bartolomucci*
H. Christopher Bartolomucci*
BANCROFT PLLC
500 New Jersey Avenue, NW
Seventh Floor
Washington, DC 20001
(202) 234-0090
cbartolomucci@bancroftpllc.com
*Admitted *pro hac vice*

*Counsel for Defendant*
Dated: May 23, 2016                *Schindler Elevator Corporation*

## CERTIFICATE OF SERVICE

I, H. Christopher Bartolomucci, hereby certify that pursuant to Local Rule 5.4(C), this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Notice was also sent to the plaintiff's attorney at his e-mail address which is mlongo@dennerlaw.com on May 23, 2016.