UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10576-GAO

ANN REGAN,
Plaintiff,

v.

SCHINDLER ELEVATOR CORPORATION,
Defendant.

ORDER
July 20, 2016

O'TOOLE, D.J.

This action arises from an incident on October 22, 2009 involving the plaintiff, Ann Regan, when an elevator allegedly maintained by the defendant, Schindler Elevator Corporation, purportedly malfunctioned and closed unexpectedly, injuring the plaintiff. The defendant has moved to dismiss the complaint as untimely.

As the defendant contends, the plaintiff's action is barred by the applicable three-year statute of limitations. See Mass. Gen. Laws ch. 260, § 2A. The plaintiff's cause of action accrued on October 22, 2009, the date of the alleged elevator incident. The statute of limitations therefore expired on or about October 22, 2012. The plaintiff did not bring this suit, however, until February 2016, six years after the incident and well past the period contemplated by the statute of limitations.

The plaintiff's arguments to the contrary, which rely primarily on an earlier instituted action that was dismissed by this Court, Regan v. United States, C.A. No. 12-11763-GAO, are unmeritorious.[1] First and most significantly, the Massachusetts "saving statute," Mass. Gen. Laws

---

[1] That action commenced against the United States and five unnamed corporations on September 21, 2012. On August 22, 2013, the plaintiff moved to amend her complaint to add Schindler as a

ch. 260, § 32, does not apply to this action because the plaintiff's failure to serve process was not due to an "unavoidable accident" and there is no showing that Schindler had notice of the lawsuit within the original limitations period. See id.; see also Krasnow v. Allen, 562 N.E.2d 1375, 1377–78 (Mass. App. Ct. 1990). Second, to the extent that the plaintiff seeks to invoke the discovery rule to avoid the limitations bar, she has failed to demonstrate that she investigated the identity of the elevator maintenance contractor with reasonable diligence or that she could not have discovered its identity with the exercise of reasonable diligence because it was "inherently unknowable." See Albrecht v. Clifford, 767 N.E.2d 42, 49 (Mass. 2002) (quoting Friedman v. Jablonski, 358 N.E.2d 994, 997 (Mass. 1976)); see also Harrington v. Costello, 7 N.E.3d 449, 454–55 (Mass. 2014).

Accordingly, the defendant's Motion to Dismiss (dkt. no. 12) is GRANTED. This action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>
United States District Judge

---

defendant. On October 2, 2013, the Court granted the request, but the plaintiff did not file an amended complaint adding Schindler until April 14, 2014. On August 7, 2014, the plaintiff filed a motion for additional time to serve Schindler, accompanied by an affidavit in which counsel averred he would "act as expeditiously as possible to ensure that defendant Schindler is served with the Amended Complaint by September 11, 2014." (Aff. in Supp. of Mot. for Extension of Time ¶ 4 (dkt. no. 39).) On February 12, 2015, on motion by the United States, the Court dismissed the complaint with prejudice as to the United States and without prejudice as to Schindler, which had not yet been served.